# EXHIBIT A

 CT Corporation

**Service of Process
Transmittal**
04/01/2016
CT Log Number 528924542

TO:   William Deckelman, VP Gen. Csl. & Secy.
      Computer Sciences Corporation
      3170 Fairview Park Dr
      Falls Church, VA 22042-4516

RE:   **Process Served in California**

FOR:  Computer Sciences Corporation  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SCOTT KWAIT, Pltf. vs. Computer Sciences Corporation, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Verification, Cover Sheet, Certificate, Notice, Alternative Dispute Resolution (ADR) Information Package, Stipulation |
| **COURT/AGENCY:** | Riverside County - Superior Court - Riverside, CA<br>Case # RIC1513993 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - December 6 2013 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/01/2016 at 14:10 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David P. Mayberry<br>Law Offices of David P. Mayberry<br>41877 Enterprise Circle North, Suite130<br>Temecula, CA 92590<br>(951) 296-2299 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/02/2016, Expected Purge Date: 04/07/2016<br><br>Image SOP<br><br>Email Notification,  William Deckelman  wdeckelman@csc.com<br><br>Email Notification,  Stacia-Ann Chambers  schambers9@csc.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** COMPUTER SCIENCES CORPORATION, LIZ
*(AVISO AL DEMANDADO):* PLUMLEY, LISA METRINKO, and DOES 1
through 20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** SCOTT KWAIT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

# FILED
Superior Court Of California
County Of Riverside
11/24/2015
**W. BROWN**
**BY FAX**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>RIVERSIDE COUNTY SUPERIOR COURT<br>4050 Main Street<br>P.O. Box 431<br>Riverside, CA 92501 | **CASE NUMBER:**<br>*(Número del Caso):*<br>RIC1513993 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David P. Mayberry, Esq. (SBN 108741)      (951) 296-2299      (951) 296-2297
Law Offices of David P. Mayberry
41877 Enterprise Circle North, Suite 130
Temecula, CA 92590

DATE:                                                Clerk, by      **W. BROWN**      , Deputy
*(Fecha)*  11/24/15                             *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*      COMPUTER SCIENCES CORPORATION

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):* 4-1-16

[SEAL]

**SUMMONS**

Legal Solutions Plus

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

1  David P. Mayberry, Esq. (CSB No. 108741)
   LAW OFFICES OF DAVID P. MAYBERRY
2  41877 Enterprise Circle North, Suite 130
   Temecula, California 92590
3  (951) 296-2299  Fax: (951) 296-2297

4  Attorney for Plaintiff,
   Scott Kwait

**FILED**

Superior Court Of California
County Of Riverside
11/24/2015
**W. BROWN**
**BY FAX**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| SCOTT KWAIT,<br><br>   Plaintiff,<br><br>vs.<br><br>COMPUTER SCIENCES CORPORATION, LIZ PLUMLEY, LISA METRINKO, and DOES 1 through 20, Inclusive,<br><br>   Defendants. | CASE NO.:  RIC1513993<br><br>PLAINTIFF'S COMPLAINT FOR EMPLOYMENT DISCRIMINATION IN VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT AND HOUSING ACT, VIOLATIONS FOR DISCRIMINATION DUE TO PHYSICAL DISABILITY (CAL. GOVT. CODE SECTION §12940(a)), FOR FAILURE TO ENGAGE IN INTERACTIVE PROCESS (CAL. GOVT. CODE SECTION §12940(n)), FOR FAILURE TO ACCOMODATE (CAL. GOVT. CODE SECTION § 12940 (n)).; VIOLATION OF CALIFORNIA PUBLIC POLICY, CALIFORNIA LABOR CODE VIOLATIONS BASED UPON WAGE, BREAK TIME, OVERTIME, AND MEAL TIME, and UNFAIR BUSINESS PRACTICES |

COMES NOW PLAINTIFF, SCOTT KWAIT, (hereinafter "KWAIT"), and as for Causes

of Action against the Defendants hereby alleges as follows:

## I

## GENERAL ALLEGATIONS

1.  "KWAIT" is informed and believes and based thereon alleges that at all times

material hereto, Defendants, COMPUTER SCIENCES CORPORATION, LIZ PLUMLEY, LISA

METRINKO, and DOES 1 through 20, Inclusive, (hereinafter referred to as "Defendants") were

individuals and/or businesses, form unknown, whose agents and principal place of business was

located within Riverside County, California. Defendants were individuals and/or entities subject to

1    suit under the FEHA Government Code Section §12900, et. seq., and were the supervisors and

2    managers of plaintiff employed by the remaining Defendants.

3        2.    "KWAIT" is informed and believes, and based thereon alleges, that Defendants,

4    COMPUTER SCIENCES CORPORATION, LIZ PLUMLEY, LISA METRINKO, and DOES 1

5    through 20 Inclusive, were and are individuals, California corporations or business forms unknown,

6    duly existing under the laws of the State of California, with their place of business in Riverside

7    County, California. Defendant employers are subject to suit under the California Fair Employment

8    and Housing Act (Government Code Section 12900, et. seq.) in that the employers are "employers"

9    within the meaning of Government Code Section 12926 (d).

10       3.    "KWAIT" is an adult individual, sui juris, who at all times material hereto was and

11   is a resident of the city of Temecula, County of Riverside, State of California, and was employed

12   within said county by Defendants, COMPUTER SCIENCES CORPORATION, LIZ PLUMLEY,

13   LISA METRINKO, and DOES 1 through 20, Inclusive, and each of them and was at all times hereto

14   working out of a building on Adelante Street within the City of Temecula, County of Riverside, State

15   of California.

16       4.    At all times material hereto, "KWAIT" entered into a contract for employment with

17   Defendants to serve as a recruiter therefore; said contract was entered into in the County of

18   Riverside, State of California, in the calendar year 2005, and "KWAIT" fully performed all terms,

19   conditions and obligations required of him thereunder within said County of Riverside, State of

20   California. Defendant, COMPUTER SCIENCES CORPORATION, paid "KWAIT" a salary but

21   worked him relentlessly for so many hours a day that the pay arrangement violated California Public

22   Policy, California Labor Code, and California Business and Professions Code as indicated herein.

23       5.    Defendants are a Computer Systems Integration and software consulting provider

24   with businesses for the sale and service of same located within Riverside County, California.

25       6.    "KWAIT" is ignorant of the true names and capacities of Defendants sued herein as

26   DOES 1 through 20, inclusive, and therefore sues said DOE Defendants by such fictitious names.

27   Plaintiff will amend this complaint and allege their true names and capacities once known.

28   "KWAIT" is informed and believes, and based thereon alleges, that each of these fictitiously named

1   DOE Defendants is responsible in some manner for the occurrences herein alleged and the Plaintiff's

2   damages as herein alleged were caused by those Defendants.

3         7.   "KWAIT" is informed and believes, and based thereon alleges, that at all times

4   material hereto each of the Defendants; including all Defendants under fictitious names, whether

5   agents and/or employees of each of the remaining Defendants, and in doing the things herein alleged

6   were acting within the course and scope of the agency and/or employment.  Plaintiff is further

7   informed and believes, and thereon alleges, that each of the Defendants herein gave consent to,

8   ratified, and authorized the acts alleged herein to each of the remaining Defendants.

9         8.   "KWAIT" worked for Defendants, as an employee since calendar year 2005 and was

10  discriminated against by defendants almost continuously therefrom and was denied promotion, work

11  and other advantageous advance upon the basis of preexisting medical condition (Pre-existing TMJ,

12  anxiety disorder and hypertension) disability and retaliation for filing a Worker's

13  Compensation Claim.

14        9.   Throughout "KWAIT's" employment tenure with Defendants he was given excellent

15  reviews.  "KWAIT" never received a written or spoken warning with respect to any significant

16  wrongdoing, and furthermore, "KWAIT" performed any and all terms and conditions of his contract

17  with Defendants, yet Defendant breached this contract of employment by violating California Public

18  Policy and the terms and conditions of the California fair employment and housing act (GOV.T.

19  Code. §12900 et seq.) and the California Labor Code when Defendants denied "KWAIT" reasonable

20  accommodation for his disability and medical condition and denied him promotion and eventually

21  his job because of his affliction with same and in retaliation for his previous filing of a

22  discrimination Worker's Compensation Claim.

23        10.   On December 6th, 2013, "KWAIT" was wrongfully terminated from Defendant,

24  COMPUTER SCIENCES CORPORATION.

25        11.   On or about November 26th, 2014, "KWAIT" filed a complaint for discrimination,

26  due to medical condition and disability (based upon pre-existing TMJ, anxiety disorder and

27  hypertension), with the California Department of Fair Employment and Housing (Attached hereto

28

3

1  and incorporated herein by this reference is a true and correct copy of "KWAIT"'s complaint to the

2  California Department of Fair Employment and Housing marked "Exhibit A").  On or about

3  November 26ᵗʰ, 2014, "KWAIT" received a Notice of Case Closure and a "Right to Sue Letter" from

4  the California Department of Fair Employment and Housing (attached hereto incorporated herein

5  by this reference, and marked "Exhibit B"  is a true and correct copy of the "Right to Sue Letter").

6  "KWAIT"'s complaint filed with the California Department of Fair Employment and Housing

7  charged Defendants with discrimination against "KWAIT" on the basis of medical condition

8  consisting of, but not necessarily limited to pre-existing TMJ, anxiety disorder and hypertension and

9  retaliation for filing a previous Worker's Compensation Claim.

10       12.    "KWAIT" has exhausted his administrative remedies available to him under the

11  California Department of Fair Employment and Housing and has filed a timely claim with same thus

12  permitting him to file the within complaint.

13                          **FIRST CAUSE OF ACTION**

14       **EMPLOYMENT DISCRIMINATION IN VIOLATION OF PUBLIC POLICY,**

15               **AND CALIFORNIA GOVERNMENT CODE §12900 et. seq.**

16       **SCOTT KWAIT vs. COMPUTER SCIENCES CORPORATION, LIZ PLUMLEY,**

17               **LISA METRINKO, and DOES 1 through 20, Inclusive**

18       13.    "KWAIT" hereby incorporates by reference paragraphs 1 through 12 of the preceding

19  Complaint as though same were fully set forth at length hereat.

20       14.    During the course of "KWAIT'S" employment, Defendants, by and through their

21  agents, servants, and workers, and other DOES 1 through 20, Inclusive, did discriminate against

22  "KWAIT" on the basis of disability and medical condition (pre-existing TMJ, anxiety disorder and

23  hypertension) in violation of California Government Code §12940(a); and as a direct result thereof

24  "KWAIT" was injured in the form of denial of promotion and increase in pay and benefit, and

25  harassment ending ultimately in wrongful termination which also violated California Public Policy.

26       15.    In October of 2013 "KWAIT" filed a claim for Workers Compensation due to a

27

28

                                          4

1  condition of TMJ which now resulted in significant jaw and ear-pain caused by job stress as well as

2  stress/anxiety and hypertension. Defendants were aware of "KWAIT's" medical condition and sent

3  him to a Workers Compensation doctor. "KWAIT" told his employers that he needed a reduction

4  in a burdensome hiring quota, more time to do his job and reasonable accommodation of his medical

5  disability. "KWAIT" was thereafter systematically discriminated against, harassed to produce a

6  larger quota, given more work, and ultimately discharged.

7        16.    The above described discriminatory conduct of Defendant and the failure of

8  employers to take immediate and effective action to correct same once "KWAIT" complained of said

9  discrimination and the failure to make reasonable accommodation and engage the interactive

10  process, violated California public policy as well as Government Code Section §12940, as did

11  retaliatory discharge of "KWAIT" for filing of a Workers Compensation Claim.

12        17.    Defendants conduct was malicious, oppressive, and despicable, and subjected

13  "KWAIT" to feelings of anxiety and lack of self-esteem in his employment; and was carried on in

14  a willful, open and conscious disregard of the civil rights of the "KWAIT". "KWAIT" is informed

15  and believes, and thereupon alleges, that Defendant knew that their conduct was repulsive and

16  offensive to "KWAIT" and knew that it caused mental suffering and anxiety for "KWAIT", knew that

17  "KWAIT" was expecting and deserving of respect, accommodation process and promotion and knew

18  that this conduct was illegal and in violation of public policy and the California Government Code

19  as stated herein. Despite such knowledge, the named Defendants intentionally engaged in the above

20  described conduct thus causing economic injury to "KWAIT" and injury to his psyche and self-

21  esteem as stated herein. Additionally, employer failed to take immediate and appropriate action to

22  stop the discrimination and instead terminated "KWAIT" on December 6th, 2013.

23        18.    As a direct and proximate result of the acts perpetrated by Defendants, and each of

24  them, against "KWAIT", as herein alleged, "KWAIT" has been harmed in that "KWAIT" has

25  suffered a loss of wages, vacation pay, overtime pay, and benefits, as well as future wages and

26  benefits, in an amount and to an extent which has not yet been ascertained. Once such damages have

27  been ascertained, "KWAIT" will amend his Complaint accordingly or according to proof at the time

28  of trial.

19.    As a further direct and proximate result of the acts perpetrated by Defendants, and each of them, "KWAIT" has suffered humiliation, mental anguish, embarrassment, emotional and physical distress, in an amount and to an extent which has not yet been ascertained but will be shown according to proof at time of Trial.

20.    As a further direct and proximate result of Defendants' discriminatory actions and other actions as aforesaid, "KWAIT" is entitled to his Attorney Fees and Costs pursuant to Government Code Section §12965 (b).

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**SCOTT KWAIT vs. COMPUTER SCIENCES CORPORATION,**

**and DOES 1 through 20, Inclusive**

21.    "KWAIT" hereby incorporates by reference paragraphs 1 through 20 of the preceding Complaint as though same were fully set forth at length hereat.

22.    Throughout "KWAIT'S", employment Defendant, COMPUTER SCIENCES CORPORATION, failed to provide sufficient time for meal periods as required under California Law, including Labor Code Section §512 & §226.7 and 8 C.C.R. Section §11040.

23.    Pursuant to Labor Code Section §226.7, Defendant, COMPUTER SCIENCES CORPORATION, were required to pay "KWAIT" one additional hour of pay for each work day that a meal was not provided. Defendant failed to pay "KWAIT" the additional hours of pay that accrued pursuant to Labor Code Section §226.7 when meal periods were not provided as required by California Law.

24.    Defendant, COMPUTER SCIENCES CORPORATION, and DOES 1 through 20, Inclusive, failure to pay "KWAIT" the amount owed was willful within the meaning of Labor Code Section §203. Pursuant to Labor Code Section §203, "KWAIT", is entitled to recover waiting time penalties from Defendant, COMPUTER SCIENCES CORPORATION, and DOES 1 through 20, such that his wages will be deemed to have continued for thirty-days after the end of his employment.

25.    "KWAIT" is entitled to recover interest from Defendant, COMPUTER SCIENCES

6

1    CORPORATION, at the legal rate of 10% on the Unpaid Wages from the date those wages should

2    have been paid. Currie v. Workers Comp. Appeals Board, 24 Cal. 4th 109, 1115-1116 (2001) and

3    Labor Code Section §218.6.

4        26.    "KWAIT" is entitled to recover Civil penalties from the Defendant, COMPUTER

5    SCIENCES CORPORATION, and DOES 1 through 20, Inclusive, pursuant to Labor Code Section

6    §558.

7        27.    "KWAIT" is entitled to recover Attorney Fees and Costs from the Defendant,

8    COMPUTER SCIENCES CORPORATION, and DOES 1 through 20, Inclusive, pursuant to Labor

9    Code Section §1194. If Section §1194 were determined inapplicable "KWAIT" would be entitled

10   to recover Attorney Fees and Costs pursuant to Labor Code Section §218.5. The amount due to

11   Plaintiff is unknown presently. The exact amount will be shown according to proof at Trial.

12                    **THIRD CAUSE OF ACTION**

13          **SCOTT KWAIT vs. COMPUTER SCIENCES CORPORATION,**

14                  **and DOES 1 through 20, Inclusive**

15       28.    "KWAIT" hereby incorporates by reference paragraphs 1 through 27 of the preceding

16   Complaint as though same were fully set forth at length hereat.

17       29.    Defendant, COUNTRY VILLA MURRIETA, and DOES 1 through 20, Inclusive,

18   failed to pay "KWAIT" for his work as required by California Law, including Labor Code Section

19   §510 and 8 C.C.R. §11040.

20       30.    Pursuant to California Law, including Labor Code Section §510 & §1194 and 8

21   C.C.R. Section §11040 "KWAIT" is entitled to recover the unpaid overtime wages from Defendant,

22   COMPUTER SCIENCES CORPORATION, and DOES 1 through 20, Inclusive.

23       31.    Defendant, COMPUTER SCIENCES CORPORATION, and DOES 1 through 20,

24   Inclusive, failure to pay "KWAIT", the overtime wages owed was willful within the meaning of

25   Labor Code Section §203. Pursuant to Labor Code Section §203 "KWAIT" is entitled to recover

26   waiting time penalties from COMPUTER SCIENCES CORPORATION, and DOES 1 through 20,

27   Inclusive, such that his wages will be deemed to have continued for thirty days after the end of his

28   employment.

1    32.    "KWAIT" is entitled to recover interest from Defendant, COMPUTER SCIENCES

2  CORPORATION, and DOES 1 through 20, Inclusive, at the legal rate of 10% on the unpaid wages

3  from the date those wages should have been paid.  Currie v. Workers Comp. Appeals Board, 24 Cal.

4  4th 1109, 1115-1116 (2001) and Labor Code Section §218.6

5    33.    "KWAIT" is entitled to recover Civil penalties from Defendant, COMPUTER

6  SCIENCES CORPORATION, and DOES 1 through 20, Inclusive, pursuant to Labor Code Section

7  §558.

8    34.    "KWAIT" is entitled to recover Attorney Fees and Costs from Defendant,

9  COMPUTER SCIENCES CORPORATION, and DOES 1 through 20, Inclusive, pursuant to Labor

10  Code Section §1194.  If Section §1194 were determined inapplicable "KWAIT" would be entitled

11  to recover Attorney Fees and Costs pursuant to Labor Code Section §218.5.  The amount due to

12  "KWAIT" is unknown currently.  The exact amount will be shown according to Proof at Trial.

13                          **FOURTH CAUSE OF ACTION**

14                          **UNFAIR BUSINESS PRACTICES**

15              **SCOTT KWAIT vs. COMPUTER SCIENCES CORPORATION,**

16                          **and DOES 1 through 20,  Inclusive**

17    35.    "KWAIT" hereby incorporates by reference paragraphs 1 through 34 of the preceding

18  Complaint as though same were fully set forth at length hereat..

19    36.    Defendant, COMPUTER SCIENCES CORPORATION, and DOES 1 through 20,

20  Inclusive, conduct as described more specifically above constituted Unfair Business Practices and

21  Acts within the meaning of Business&Professions Code Section §17200.

22    37.    "KWAIT" is informed and believes and thereon alleges that at all relevant times

23  Defendant, COMPUTER SCIENCES CORPORATION, and DOES 1 through 20, Inclusive, have

24  taken for itself the benefits and proceeds of the Unfair Business Practices and Acts.

25    38.    In addition to the damages and recovery described above pursuant to Business and

26  Professions Code Section §17208, "KWAIT" is entitled to recover years of Unpaid Wages and

27  Interest thereon from the date such wages were originally due.

28

8

1    WHEREFORE, Plaintiff, SCOTT KWAIT, prays for judgment against the Defendants, and

2    each of them, as follows:

3        1.    For Attorney Fees as provided by statute;

4        2.    For all damages due to him under the California Fair Employment and Housing Act;

5        3.    For all loss of earnings and benefits;

6        4.    For general and special damages in an amount according to proof;

7        5.    For costs incurred as a result of the within litigation;

8        6.    For interest on sums due;

9        7.    For Unpaid Wages, including unpaid overtime and compensation for missed meal

10           periods, according to proof;

11       8.    For Waiting Time penalties pursuant to Labor Code Section §203;

12       9.    For Attorney Fees and Costs pursuant to Labor Code Section §1194 (or if Section

13           §1194 were determined inapplicable, pursuant to Labor Code Section §218.5

14      10.   For Civil Penalties pursuant to Labor Code Section §558;

15      11.   For Restitution according to proof; and

16      12.   For such other and further relief as the court deems just and proper

17   DATED: November 24, 2015              LAW OFFICE OF DAVID P. MAYBERRY

18

19                                   By: _____

20                                   David P. Mayberry, Esq.
                                   Attorney for Plaintiff, Scott Kwait

21

22

23

24

25

26

27

28

9

# "EXHIBIT A"

COMPLAINT OF EMPLOYMENT DISCRIMINATION

BEFORE THE STATE OF CALIFORNIA

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of          DFEH No. 169238-137000
Scott Kwait, Complainant.

vs.

Liz Plumley  Computer Sciences Corporation
Respondent.
3170 Fairview Park Drive
Falls Church,  Virginia 22042

Complainant alleges:

1. Respondent **Computer Sciences Corporation** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **Dec 06, 2013**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied reasonable accommodation, Terminated, .** Complainant believes respondent committed these actions because of their: **Disability, Medical Condition - including Cancer .**

3. Complainant **Scott Kwait** resides in the City of **Temecula**, State of **CA**.  If complaint includes co-respondents please see below.

-5-
*Complaint – DFEH No. 169238-137000*

DFEH 802-1

Date Filed: Nov 26, 2014

1

2    **Co-Respondents:**

3    Computer Sciences Corporation
     Lisa Metrinko
     3170 Fairview Park Drive
     Falls Church  Virginia 22042

4

5    Computer Sciences Corporation
     Mark Steinke
     3170 Fairview Park Drive
6    Falls Church  Virginia 22042

7    Computer Sciences Corporation

8    3170 Fairview Park Drive
     Falls Church  Virginia 22042

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-6-

*Complaint – DFEH No. 169238-137000*

Date Filed: Nov 26, 2014

**Additional Complaint Details:**

I was discriminated against because of a pre-existing condition of TMJ and stress anxiety, as well as a hypertension which was exacerbated by a recruitment quota imposed by the employer.  I was harassed continually to meet the unreasonable quota.  When I made a claim for the medical condition caused/or exacerbated by the work conditions I was discriminated again.  My hours were reduced but my quota was not which increased stress and they knew this.  I was then terminated in Violation of California Public Policy because of my stress related medical condition and for exercising my lawful right to file a Workers Compensation Claim.  The employer also committed Labor Code Violations related to wages/break time and meal time requirements.

-7-

*Complaint – DFEH No. 169238-137000*

DFEH 902-1

Date Filed: Nov 26, 2014

1

## VERIFICATION

2
I, **Scott Kwait**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and
know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein
alleged on information and belief, and as to those matters, I believe it to be true.

3

4
On Nov 26, 2014, I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

5

6
                                                                                                     **Temecula, CA**
                                                                                                     **Scott Kwait**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

                                                          -8-
                                    *Complaint – DFEH No. 169238-137000*

Date Filed: Nov 26, 2014

"EXHIBIT B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Nov 26, 2014

Scott Kwait
32882 Adelante Street
Temecula CA 92592

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 169238-137000
Right to Sue: Kwait / Liz Plumley Computer Sciences Corporation

Dear Scott Kwait,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Nov 26, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 600-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

ACTING DIRECTOR ANNMARIE BILLOTTI

Enclosures

cc:  Computer Sciences Corporation Lisa Metrinko

Computer Sciences Corporation Mark Steinke

Computer Sciences Corporation

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>David P. Mayberry, Esq. (SBN108741)<br>Law Offices of David P. Mayberry<br>41877 Enterprise Circle North, Suite 130<br>Temecula, CA 92590<br><br>TELEPHONE NO.: (951) 296-2299    FAX NO.: (951) 296-2297<br>ATTORNEY FOR *(Name):* Plaintiff, Scott Kwait | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: P.O. Box 431
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Main

**CASE NAME:** Kwait v. Computer Sciences Corporation, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RICIS13993 |
|---|---|---|
| [x] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400-3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action *(specify):* 4

**5.** This case [ ] is  [x] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 23, 2015

David P. Mayberry, Esq. (SBN108741)
*(TYPE OR PRINT NAME)*                 *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**   Legal Solutions Plus   Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address):
David P. Mayberry, Esq. (SBN108741)
Law Offices of David P. Mayberry
41877 Enterprise Circle North, Suite 130
Temecula, CA 92590
TELEPHONE NO. (951) 296-2299      FAX NO. (Optional): (951) 296-2297
E-MAIL ADDRESS (Optional): dpmayberry@hotmail.com
ATTORNEY FOR (Name): Plaintiff, Scott Kwait

PLAINTIFF/PETITIONER: SCOTT KWAIT

DEFENDANT/RESPONDENT: COMPUTER SCIENCES CORPORATION, et al.

**FOR COURT USE ONLY**

# FILED
Superior Court Of California
County Of Riverside
11/24/2015
**W. BROWN**
BY FAX

CASE NUMBER: **RIC1513993**

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of: 92591 _____

☐  The action concerns real property located in the zip code of: _____

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  11/24/15 _____

David P. Mayberry, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY     PARTY MAKING DECLARATION)

► _____
(SIGNATURE)

Page 1 of 1

Approved for Optional Use
Riverside Superior Court
RI-030 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF DEPARTMENT ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

KWAIT VS. COMPUTER SCIENCES CORPORATION

CASE NO. RIC1513993

This case is assigned to the Honorable Judge Sunshine S Sykes in Department 06 for all purposes.

The Case Management Conference is scheduled for 05/24/16 at 8:30 in Department 06.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 11/25/15                    by: _____
                                  ,WYVONIA L BROWN Deputy Clerk

CDACMC
1/28/14



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov
**Self-represented parties:** http://riverside.courts.ca.gov/selfhelp/self-help.shtml

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*
(California Rules of Court, Rule 3.221; Local Rule, Title 3, Division 2)

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
### ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration and settlement conferences.

### Advantages of ADR:
- **Faster:** ADR can be done in a 1-day session within months after filing the complaint.
- **Less expensive:** Parties can save court costs and attorneys' and witness fees.
- **More control:** Parties choose their ADR process and provider.
- **Less stressful:** ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- **No public trial:** Parties do not get a decision by a judge or jury.
- **Costs:** Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:** In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone. If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial. In "non-binding" arbitration, any party can request a trial after the arbitrator's decision. The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1A [Rev. 1/1/12]

<u>Arbitration may be appropriate when the parties:</u>
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

<u>Arbitration is not appropriate when the parties:</u>
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**   Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website: http://riverside.courts.ca.gov/adr/adr.shtml

### General Policy:

Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

### Court-Ordered ADR:

Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):

Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:

1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:

- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation).  See http://adr.riverside.courts.ca.gov/adr/civil/panelist.php or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900

**Page 2 of 3**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **Banning** - 135 N. Alessandro Road, Banning, CA 92220
☐ **Hemet** - 880 N. State Street, Hemet, CA 92543
☐ **Indio** - 46-200 Oasis Street, Indio, CA 92201
☐ **Riverside** - 4050 Main Street, Riverside, CA 92501
☐ **Temecula** - 41002 County Center Drive, Bldg. C - Suite 100, Temecula, CA 92591

| PLAINTIFF(S):<br><br>DEFENDANT(S): | CASE NUMBER: |
|---|---|
| **STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>(CRC 3.2221; Local Rule, Title 3, Division 2) | CASE MANAGEMENT CONFERENCE DATE(S): |

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation                    ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

**SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.**

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY   SIGNATURE OF PARTY OR ATTORNEY   DATE
☐ Plaintiff ☐ Defendant

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY   SIGNATURE OF PARTY OR ATTORNEY   DATE
☐ Plaintiff ☐ Defendant

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY   SIGNATURE OF PARTY OR ATTORNEY   DATE
☐ Plaintiff ☐ Defendant

_____     _____     _____
PRINT NAME OF PARTY OR ATTORNEY   SIGNATURE OF PARTY OR ATTORNEY   DATE
☐ Plaintiff ☐ Defendant

☐ Additional signature(s) attached

**Page 3 of 3**

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR1B [Rev. 1/1/12]

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION**